**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

RECEIVED
USDC, CLERK, CHARLESTON, SC
2014 MAY -9 A 8:55

| | | |
|---|---|---|
| United States of America | ) | Criminal No. 4:94-00383-CWH-01 |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Albert Delon Reed, Jr. | ) | |
| | ) | |

## I. INTRODUCTION

Albert Delon Reed, Jr. (the "defendant") has, by letter, requested that his conviction and sentence be vacated or set aside based upon the case of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (ECF No. 128). Furthermore, the defendant contends that he is indigent and therefore requests the appointment of counsel to "perfect any additional arguments that may be deemed necessary in obtaining the relief requested . . . ." (Id.). For the reasons set forth below, the defendant's requests are denied.

## II. PROCEDURAL HISTORY

On August 17, 1994, the defendant was indicted by a federal grand jury for possession with the intent to distribute cocaine base and marijuana in violation of 21 U.S.C. §§ 841(a)(1) & 841(b). (Indictment, ECF No. 10). After a jury trial, the defendant was found guilty. (Verdict, ECF No. 31). The Presentence Investigation Report ("PSR") concluded that the defendant was a career offender (PSR, ECF No. 102 at ¶ 17) because the defendant had been convicted in 1989 in New York for the sale of crack cocaine and criminal possession of a weapon, and had been convicted in 1991 in North Carolina for trafficking in cocaine. (PSR at ¶¶ 21-23). In New York,

#6 Cert.

the defendant was sentenced to five years of probation, and in North Carolina, the defendant was sentenced to seven years in prison. (Id.).

The PSR calculated a guideline range of imprisonment of 360 months to life. (Id. at ¶ 45). However, the statutory provisions of U.S.C. §§ 841(a)(1) and (b)(1)(A) required a mandatory term of life imprisonment. (Id. at ¶¶ 44-45). On October 2, 1995, the Court entered judgment and sentenced the defendant to life imprisonment to be followed by a ten year term of supervised release. (Judgment, ECF No. 49 at 4). The defendant appealed and the Fourth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Reed, 100 F.3d 951 (4th Cir. 1996) (unpublished per curiam opinion). On or about June 20, 2001, the defendant filed a petition pursuant to 28 U.S.C. § 2255, which the Court dismissed as untimely, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA"), on December 5, 2003. Reed v. United States, Case No.: 4:01-cv-2684-CWH (ECF Nos. 1, 23). The Fourth Circuit affirmed the dismissal on October 27, 2004. United States v. Reed, 111 F. App'x 694 (4th Cir. 2004) (unpublished per curiam opinion). The defendant did not petition for a writ of certiorari.

On January 10, 2014, the defendant sent a letter to the Court asking the Court to vacate his sentence and appoint counsel for him. (ECF No. 128).

## III. STANDARD OF REVIEW

The Court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980)



(per curiam) (noting that allegations in prisoner complaints are held to less stringent standards than those prepared by lawyers); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (noting that pro se documents are to be liberally construed). Liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

## IV. DISCUSSION

The defendant claims that "Simmons announced a new substantive rule that is retroactive on collateral review . . . . " (ECF No. 128 at 4). Accordingly, he asks the Court to "vacate the statutory mandatory LIFE sentence imposed in this case and re-sentence [him] in accordance with the new substantive rule that is retroactive." (Id.). The Court construes this letter from the pro se defendant as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam) (citation omitted) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."); see also United States v. Simpson, Cr. No. 7:07-711-TMC, 2013 WL 3764023, at *3 (D.S.C. July 15, 2013) (construing a prisoner's letter as a successive § 2255 motion).

As mentioned above, the defendant's previous § 2255 petition was dismissed as untimely in 2001. "This [C]ourt may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the

[1] Although the Court is required to give notice to a defendant that it is recharacterizing his pleading as a § 2255 motion the first time it characterizes a pleading as such, the Court's recharacterization of a subsequent pleading as one filed under § 2255 does not require that notice be provided. Castro v. United States, 540 U.S. 375, 383 (2003).



motion meet certain criteria." United States v. Pride, No. 1:08CR00024–002, 2012 WL 569894, at *2 (W.D. Va. Feb. 22, 2012) (citing § 2255(h)). The defendant does not state in his letter that he has obtained the necessary authorization to file what is clearly a second, successive motion under § 2255. The Court has reviewed the docket and does not find any indication of such authorization in the record. At bottom, the defendant's motion seeks to attack his original sentence, and, without prior authorization, the Court is without jurisdiction to consider it. Sifford v. United States, Nos. 3:14-cv-01-RJC, 3:-07-cr-97-RJC-1, 2014 WL 1569515, at *2 (W.D.N.C. Apr. 18, 2014) (citing United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); United States v. Dudley, 512 F. App'x 378, at *1 (4th Cir. Mar. 1, 2013) (in case where petitioner sought relief under Simmons, district court was obligated to dismiss unauthorized successive § 2255 motion); Villanueva v. United States, 346 F.3d 55, 61-62 (2d Cir. 2003) (dismissal of prior § 2255 as untimely is an adjudication on the merits requiring appellate permission to file second or successive motion)). Thus, the defendant's motion is dismissed as a successive § 2255 petition.

With regard to the defendant's request to appoint counsel, it is well-established that the petitioner possesses no constitutional right to appointed counsel in post-conviction proceedings. See Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997) (en banc). "[T]he right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Thus, "a petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction." United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) (citation omitted). The Court, however, may appoint counsel to an indigent defendant if justice so requires. See 28 U.S.C. § 2254(h); 18 U.S.C. § 3006(A). Upon review of the



defendant's case, the Court concludes that the interests of justice do not require the appointment of counsel.

## V. CONCLUSION

For the foregoing reasons, the defendant's motion (ECF No. 128) is dismissed. In addition, because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

**AND IT IS SO ORDERED.**

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

May 8, 2014
Charleston, South Carolina

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

