AO 245C (SCDC Rev.11/16) Sheet 1 - Amended Judgment in a Criminal Case     (NOTE: Identify Changes with Asterisks (*))

# United States District Court
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| Albert Delon Reed, Jr | Case Number: 4:94-cr-00383-RBH-1 |
| **Date of Original Judgment**: 10/02/1995 | USM Number: 90558-071 |
| *(or Date of Last Amended Judgment)* | |
| | William F. Nettles, IV, AFPD |
| | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))  ☐ Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))

☐ Reduction of Sentence for Changed Circumstances (Fed.R. Crim. P. 35(b))  ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))

☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(a))  ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2))

■ Direct Motion to District Court Pursuant to ☐ 28 U.S.C.§2255 or ☐ 18 U.S.C. §3559(c)(7) ■ §404(b) of the First Step Act of 2018

☐ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)  ☐ Modification of Restitution Order (18 U.S.C.§3664)

**THE DEFENDANT:**

☐ pleaded guilty to Count(s) _____.
☐ pleaded nolo contendere to Count(s) on which was accepted by the court.
■ was found guilty on Count 1 of the Indictment on 1/11/1995 on after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21:841(a)(1), 21:841(b) and 18:2 | Please see indictment | 8/3/1994 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s).
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.
☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

5/16/2019
Date of Imposition of Judgment

s/R. Bryan Harwell
Signature of Judge

R. Bryan Harwell, U.S. District Judge
Name and Title of Judge

5/16/2019
Date

AO 245 S (Rev. 4/90)(S.C. rev.) Sheet — Imprisonment

Judgment--Page 2 of 4

Defendant: ALBERT DELON REED, JR.
Case Number: CR 4:94-383-01

## IMPRISONMENT

    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for *TIME SERVED

[X]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant is to report to the designated institution as directed by the United States Marshal.

The Court makes the following recommendations to the Bureau of Prisons:

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____
_____
_____

Defendant delivered on _____ to _____
_____ at _____
_____, with a certified copy of this Judgment.

United States Marshal

By _____
      Deputy Marshal

4:94-cr-00383-RBH    Date Filed 05/16/19    Entry Number 171    Page 3 of 4

AO-245 S (Rev. 4/90)(S.C. rev.) Sheet — Supervised Release

Judgment--Page 3 of 4

Defendant: ALBERT DELON REED, JR.
Case Number: CR 4:94-383-01

## SUPERVISED RELEASE

If released from imprisonment, the defendant shall be on supervised release for a term of *six (6) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this Judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90)(S.C. rev.) Sheet — Statement of Reasons

Judgment--Page 4 of 4

Defendant: ALBERT DELON REED, JR.
Case Number: CR 4:94-383-01

## STATEMENT OF REASONS

[X]  The court adopts the factual findings and guideline application in the presentence report.

**OR**

[]  The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**OR**

[]  The court determines that no finding is necessary as to the controverted information noted below, because the matter(s) controverted will not be taken into account in sentencing.

**Guideline Range Determined by the Court:**
Total Offense Level:            37
Criminal History Category:      VI
Imprisonment Range:             Life Imprisonment **(Statute prevails)**
Supervised Release Range:       10 years
Fine Range:                     Not calculated
Restitution:                    Not applicable

[X]  The fine is waived or is below the guideline range because of the defendant's inability to pay.

[]  Full restitution is not ordered for the following reason(s):

[]  The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

**OR**

[]  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

[]  The sentence departs from the guideline range
   []  upon motion of the government, as a result of defendant's substantial assistance.
   []  for the following reason(s):